IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMEY YANCEY, MATT DIXON, CHRIS DUNCAN, LOU MAURIZI, RAY KWASNIEWSKI, JOHNNY GASTON, HERI TORRES, HOWARD LEPHEW, JOEL JOHNSON, CARLOS NAVARRO, and SWAV DYNAK, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DR. PEPPER SNAPPLE GROUP, INC. (d/b/a THE AMERICAN BOTTLING COMPANY) as the Plan Administrator and Plan Sponsor of the DR. PEPPER SNAPPLE GROUP HEALTH PLAN,<br><br>Defendant. | Civil Action No.:<br><br>Complaint — Class & Collective Action<br><br>Jury Trial Demanded |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Jeremey Yancey, Matt Dixon, Chris Duncan, Lou Maurizi, Ray Kwasniewski, Johnny Gaston, Heri Torres, Howard, Lephew, Joel Johnson, Carlos Navarro, and Swav Dynak (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Class Action Complaint against Defendant Dr. Pepper Snapple Group, Inc. (d/b/a The American Bottling Company), as the Plan Sponsor and the Plan Administrator of the Dr. Pepper Snapple Group Health Plan (the "Health Plan").

Plaintiffs assert a claim under Section 502(a)(1)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(1)(A), for statutory penalties under Section 502(c)(1) of ERISA 29 U.S.C. § 1132(c)(1), for Defendant's defective notices under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

1

Plaintiffs also assert a claim under Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), for injunctive and other relief, against Defendant because it breached its fiduciary duties under Sections 404(a)(1)(A) and (D) of ERISA, 29 U.S.C. §§ 1104(a)(1)(A) and (D), to act solely in the interest of Health Plan participants and beneficiaries and to follow the terms of its own Plan documents.

By way of background, Plaintiffs are eleven of the approximately 165 employees of Defendant represented by Teamsters Local Union 727 (the "Union") who lawfully struck Defendant's Chicagoland operations on or about May 22, 2018. Defendant does business as The American Bottling Company at those operations.

Under long-established federal labor law, an employer can respond to a strike in many lawful ways. Here, however, Defendant has used its Health Plan covering Plaintiffs in a forbidden way, by *automatically* enrolling them in COBRA coverage and charging them for it, rather than giving them the right to elect COBRA themselves as is expressly required by ERISA.

ERISA allows an employer to terminate health coverage during a strike, but it does *not* permit the employer to use COBRA as a cudgel to win the strike. Rather, employees who lose health coverage because of a strike have the right to elect COBRA for themselves, and the right to pay for COBRA only if they elect it. Defendant's own Plan documents set forth these rights, yet Defendant ignored them to try to punish those employees who are exercising their right to strike.

Defendant is an ERISA fiduciary to its Plan, and it owes the highest duty of loyalty to Plan participants, including Plaintiffs. Defendant, through its defective and divisive administration of COBRA, has forced Plaintiffs to enforce their rights to receive statutory penalties, and injunctive and other relief under ERISA, all as set forth more fully below.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

2. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because Plaintiffs reside in this District, the statutory violations at issue took place in this District, and Defendant has business operations in this District.

## PARTIES

3. Plaintiff Jeremey Yancey, 800 E. 191st Place, Unit 411, Glenwood, IL 60425, is an Illinois resident and employee of Defendant. Plaintiff Yancey was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

4. Plaintiff Matt Dixon, 73304-14 Winthrop Way, Downers Grove, IL, 60516, is an Illinois resident and employee of Defendant. Plaintiff Dixon was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

5. Plaintiff Chris Duncan, 109 W. Rose Avenue, Addison, IL 60601, is an Illinois resident and employee of Defendant. Plaintiff Duncan was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

6. Plaintiff, Lou Maurizi, 854 Princeton Avenue, Matteson, IL 60443, is an Illinois resident and employee of Defendant. Plaintiff Maurizi was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

7. Plaintiff Ray Kwasniewski, 1163 Borden Drive, Elgin, IL 60601, is an Illinois resident and employee of Defendant. Plaintiff Kwasniewski was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

8. Plaintiff Johnson Gaston, 1005 North LeClaire, Chicago, IL 60651, is an Illinois resident and employee of Defendant. Plaintiff Gaston was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

9. Plaintiff Heri Torres, 65 Wagner Drive, Northlake, IL 60614, is an Illinois resident and employee of Defendant. Plaintiff Torres was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

10. Plaintiff Howard Lephew, 29W701 Waverly, Warrenville, IL 60555, is an Illinois resident and employee of Defendant. Plaintiff Lephew was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience

a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

11.     Plaintiff Joel Johnson, 15618 Lexington, Harvey IL 60426, is an Illinois resident and employee of Defendant. Plaintiff Johnson was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

12.     Plaintiff Carlos Navarro, 404 N. Lakeshore Drive, Palatine, IL 60067, is an Illinois resident and employee of Defendant. Plaintiff Navarro was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

13.     Plaintiff Swav Dynak, 1396 Alberta Ct., Glendale Heights, IL 60139, is an Illinois resident and employee of Defendant. Plaintiff Dynak was a covered employee and participant in the Health Plan the day before the strike on or about May 22, 2018, which caused him to experience a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Health Plan pursuant to 29 U.S.C. § 1167(3).

14.     Defendant is a corporation with its headquarters at 5301 Legacy Drive, Plano TX 75086. Defendant does business as The American Bottling Company at 401 N. Railroad Avenue, Northlake, IL 60614 and 1230 171st Street, Hazel Crest, IL 60429. At all relevant times, Defendant employed more than 20 employees who were members of its Health Plan.

15.     Defendant is the Plan Administrator within the meaning of 29 U.S.C. § 1002(16)(A) and the Plan Sponsor within the meaning of 29 U.S.C. § 1002(16)(B) of the Dr. Pepper Snapple

Group Health Plan. As Plan Administrator, the Defendant is a fiduciary of the Health Plan as that term is defined in § 29 U.S.C. 1002(21)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a Group Health Plan within the meaning of 29 U.S.C. § 1167(1). The Summary Plan Descriptions for the Plan are attached as Exhibits 1 and 2.

## FACTUAL ALLEGATIONS

16. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute, 29 U.S.C. § 1163.

17. COBRA requires, as set forth in 29 U.S.C. § 1161(a), that "[t]he plan sponsor of each group health plan shall provide, in accordance with this part, that *each qualified beneficiary* who would lose coverage under the plan as a result of a qualifying event *is entitled, under the plan, to elect, within the election period, continuation coverage under the plan*." (Emphasis added.)

18. The Summary Plan Descriptions describing the benefits available to Plaintiffs and their eligible dependents identify Dr. Pepper Snapple Group, Inc. as the Plan Administrator and the Plan Sponsor of the Dr. Pepper Snapple Group Health Plan. (See pg. 116 of Exhibit 1 and p. 119 of Exhibit 2).

19. The Defendant is both the Plan Administrator and Plan Sponsor of the Health Plan as those terms are defined in 29 U.S.C. §§ 1002(16)(A) and (B).

20. As the Plan Administrator of the Plan, the Defendant is a Plan fiduciary as defined in 29 U.S.C. § 1002(21)(A). Defendant therefore must discharge its duties with respect to its Plan solely in the interest of Plan participants and beneficiaries and in accordance with the documents and instruments governing the Plan. See.29 U.S.C. §§ 1104(a)(1)(A) and (D).

21. The Plan is a Group Health Plan within the meaning of 29 U.S.C. § 1167(1).

22. Plaintiffs are Covered Employees of the Plan within the meaning of 29 U.S.C. § 1167(2) who are or were provided coverage under the Plan by virtue of the performance of services for the Defendant.

23. Plaintiffs are Qualified Beneficiaries within the meaning of 29 U.S.C. § 1167(3) and the regulations thereunder.

24. Plaintiffs lost Health Plan coverage as a result of a reduction of hours on account of a strike against Defendant, and thereby experienced a Qualifying Event under 29 U.S.C. § 1163(2) and the regulations thereunder.

25. Plaintiffs' spouses and dependents covered under the Plan are also Qualified Beneficiaries under the Plan within the meaning of 29 U.S.C. § 1167(3) and the regulations thereunder. They also lost coverage as a result of the Plaintiffs' reduction of hours on account of the strike, and thereby also experienced a Qualifying Event under 29 U.S.C. § 1163(2).

26. Effective upon experiencing a Qualifying Event, Plaintiffs and their spouses and dependents covered under the Health Plan became entitled to elect COBRA continuation coverage from the Plan as that coverage is described in 29 U.S.C. § 1161 et seq. and the regulations thereunder.

27. As Qualified Beneficiaries, Plaintiffs and their spouses and dependents, after receiving notice of their rights to COBRA continuation coverage, have a 60-day period to elect coverage and an additional 45 days from the date of the election of coverage to remit the first payment for the coverage. 29 U.S.C. § 1165(a) and (b).

28. Plaintiffs, as Qualified Beneficiaries, are responsible for paying the applicable premiums for COBRA continuation coverage and, therefore, do not have to pay the premiums if they elect not to take the coverage.

29. The Summary Plan Descriptions applicable to the Plaintiffs describe in detail the rights of a Qualified Beneficiary to COBRA continuation coverage. (See Exhibit 1, pgs. 96 - 100; Exhibit 2, pgs. 97-102)

30. The Summary Plan Descriptions provide that Qualified Beneficiaries, not Defendant as the Plan Administrator or the Plan Sponsor, elect COBRA continuation coverage. They state, in relevant part:

> **Getting Started**
>
> You will be notified by mail if you become eligible for COBRA coverage as a result of a reduction in work hours or termination of employment. *The notification will give you instructions for electing COBRA coverage, and advise you of the monthly cost.* Your monthly cost is the full cost, including both Employee and Employer costs, plus a 2% administrative fee or other cost as permitted by law.
>
> *You will have up to 60 days from the date you receive notification or 60 days from the date your coverage ends to elect COBRA coverage, whichever is later. You will then have an additional 45 days to pay the cost of your COBRA coverage, retroactive to the date your Plan coverage ended.* (See Exhibit 1, pg. 98; Exhibit 2, pg. 99; emphasis added)

31. Defendant did not afford Plaintiffs, their spouses or dependents the opportunity to exercise their right to elect COBRA coverage. Instead, Defendant, in its roles as Plan Administrator and Plan Sponsor of the Plan, unilaterally usurped Plaintiffs' statutory rights and "elected" coverage for them. Defendant did so by virtue of a letter to Plaintiffs dated May 22, 2018, which reads in relevant part:

> [W]ith your decision to strike, your medical benefits will be discontinued immediately until you return to work. *You will be automatically enrolled in COBRA and responsible for the entire cost of your medical premiums. For family coverage, this is estimated to be over $350 per week.* (See Exhibit 3, emphasis added.)

8

32. There is no statutory or regulatory provision for Defendant, as a Plan Administrator or Plan Sponsor, to elect COBRA continuation coverage for Qualified Beneficiaries, or to require payment for COBRA that a Qualified Beneficiary did not elect.

33. There is no provision in the Summary Plan Descriptions for Defendant, as Plan Administrator or Plan Sponsor of the Plan, to elect COBRA continuation coverage for Qualified Beneficiaries, or to require payment for COBRA that a Qualified Beneficiary did not elect.

34. Further, COBRA requires the Plan Administrator of a Group Health Plan like the Plan in this case to provide notice of certain other information to a Qualified Beneficiary upon the occurrence of a Qualifying Event. See 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

35. The relevant regulations appear in 29 C.F.R. § 2590.606-4 and the Appendix thereto. Section 2590.606-4(b)(1) states:

> Except as provided in paragraph (b)(2) or (3) of this section, upon receipt of a notice of qualifying event …, the administrator shall furnish to each qualified beneficiary, not later than 14 days after receipt of the notice of qualifying event, a notice meeting the requirements of paragraph (b)(4) of this section.

36. 29 C.F.R. § 2590.606-4(b)(4)(i-xiv) sets forth the detailed information that must be provided by the Plan Administrator in the notice to a Qualified Beneficiary. Briefly summarized, the required information includes the name of the plan responsible for providing the coverage; the coverage to be provided; the detailed procedures and time periods for the Qualified Beneficiary to elect coverage and remit payment; the maximum period of coverage and the reasons that these periods may be terminated or expanded; and other administrative details. Subsections (iii) through (vi) require the inclusion of information about how and by whom elections for continuation

9

coverage can be made, and set forth the consequences of electing or not electing COBRA continuation coverage.

37. The COBRA notice provided by the Defendant on or about May 22, 2018 did not contain *any* of the information required under 29 C.F.R. § 2590.606-4(b)(4)(i-xiv).

## CLASS ACTION ALLEGATIONS

38. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following persons:

> **All participants in the Defendant's Plan who were sent a COBRA notice on or about May 22, 2018 as a result of a COBRA Qualifying Event as determined by Defendant**.

39. No administrative remedies exist as a prerequisite to Plaintiff's claim on behalf of the Putative Class.

40. Numerosity: The Class is so numerous that joinder of all Class members is impracticable. On information and belief, approximately 150 individuals satisfy the definition of the Class.

41. Typicality: Plaintiffs' claims are typical of the Class. The COBRA notice that Defendant sent to Plaintiffs was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiffs received was typical of the COBRA notices that other Class Members received, and suffered from the same defects.

42. Adequacy: Plaintiffs will fairly and adequately protect the interests of the Class members; they have no interests antagonistic to the class; and they have retained counsel experienced in complex class action litigation.

43. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether the Plan is a Group Health Plan within the meaning of 29 U.S.C. § 1167(1).

    b. Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

    c. Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA's notice requirements, and if so, in what amount;

    d. The appropriateness and proper form of any injunctive or other relief that can be awarded pursuant to 29 U.S.C. § 1132(a)(2); and

    e. Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA's notice requirements.

44. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning the propriety of Defendant's COBRA notice dated May 22, 2018. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

45. Plaintiffs intend to send notice to all Class Members to the extent required by Rule 23(c)(2) of the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records.

## CLASS CLAIM I FOR RELIEF
### Provision of Defective COBRA Notice

46. The foregoing allegations are incorporated herein as if set forth in their entirety.

47. Plaintiffs, their spouses and dependents are COBRA Qualified Beneficiaries who experienced a COBRA Qualifying Event on or about May 22, 2018, and thereby became entitled to elect COBRA continuation coverage under 29 U.S.C. § 1163(2).

48. On or about May 22, 2018, Defendant provided Plaintiffs with a notice automatically enrolling them in, and charging them for, COBRA continuation coverage.

49. Nowhere does COBRA or the regulations thereunder permit Defendant, as a Plan Administrator or Plan Sponsor for its Plan, to elect COBRA continuation coverage for Qualifying Beneficiaries or to require them to pay for it if they do not elect it.

50. 29 C.F.R. § 2590.606-4(b)(4)(i-xiv) sets forth the detailed information that must be provided by the Defendant in a notice to Qualified Beneficiaries of their COBRA rights. That information includes naming the plan responsible for providing the coverage; the coverage to be provided; the detailed procedures and time periods for the Qualified Beneficiary to elect coverage and remit payment; the maximum period of coverage and the reasons that these periods may be terminated or expanded; and other administrative details.

51. The notice provided by Defendant did not include any of the information required under 29 U.S.C. 1166 and the regulations thereunder.

52. A Plan Administrator who fails to meet the notice requirements of 29 U.S.C. § 1166 and the regulations thereunder is subject to penalties of up to $110 per day per participant under 29 U.S.C. § 1132(c)(1). Participants may enforce these penalties under 29 U.S.C. § 1132(a)(1)(A).

### CLASS CLAIM II FOR RELIEF
### Breach of Fiduciary Duty to Follow Plan Documents

53. The foregoing allegations are incorporated herein as if set forth in their entirety.

54. Defendant is a fiduciary of the Plan and, as such, is bound by the requirements of 29 U.S.C. §§ 1104(a)(1)(A) and (D) to administer the Plan solely in the interest of Plan participants and beneficiaries and in accordance with the terms of its Plan documents.

55. As Covered Employees and/or Qualified Beneficiaries, Plaintiffs, their spouses and dependents are Plan participants and beneficiaries.

56. Defendant failed to follow the terms of its own Summary Plan Descriptions, which provide that Qualified Beneficiaries have the right to elect COBRA. It did so by automatically enrolling Plaintiffs and their spouses and dependents in COBRA by letter dated May 22, 2018. And it took this action in order to gain an improper advantage in the labor dispute between Defendant and the Union.

57. Because Defendant has breached its fiduciary duties under 29 U.S.C. § 1104(a)(1)(A) and (D), Plaintiffs may bring a claim for injunctive and other relief under 29 U.S.C. § 1132(a)(2).

### PRAYER FOR RELIEF

*WHEREFORE*, Plaintiffs, individually and on behalf of the Proposed Class, pray for relief as follows:

    a. Designating Plaintiffs' counsel as counsel for the Proposed Class;

    b. Issuing proper notice to the Class at Defendant's expense;

13

c.  Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Proposed Class Members on or about May 22, 2018 violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d.  Awarding statutory penalties to the Proposed Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

e.  Awarding appropriate injunctive or other relief pursuant to 29 U.S.C. § 1132(a)(2), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

f.  Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law;

g.  Granting such other and further relief, in law or equity, as this Court deems appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

/s/ Linda M. Martin
LINDA M. MARTIN, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: (215) 656-3665
Facsimile: (215) 561-5135
lmartin@wwdlaw.com

ILLINOIS ADVOCATES, LLC

/s/ William M. Tasch
WILLIAM M. TASCH, ESQUIRE
77 W. Washington Street, Suite 2120
Chicago, IL 60602
Office: (312) 346-2052
Facsimile (312) 492-4804
William.Tasch@iladvocates.com

*Counsel to Plaintiffs and the Proposed Class*

*Dated: May 29, 2018*

## CERTIFICATE OF SERVICE

I, Linda M. Martin, hereby certify that on the 29TH day of May 2018, I electronically filed the foregoing Complaint with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for all parties of record.

Mark L. Stolzenburg
VedderPrice
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7512
mstolzenburg@vedderprice.com

**WILLIG, WILLIAMS & DAVIDSON**

/s/Linda M. Martin
LINDA M. MARTIN, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office:      (215) 656-3665
Fax:         (215) 561-5135
lmartin@wwdlaw.com

*Counsel to Plaintiffs and the Proposed Class*